Submitted May 6, vacated and remanded June 15, 2016

In the Matter of the Marriage of

Steven DONALDSON,
aka Steven Michael Donaldson,
*Petitioner-Appellant,*
*and*

Connor DONALDSON,
aka Connor Lynn Checkis,
aka Connor Lynn Donaldson,
aka Connor L. Irvine,
*Respondent-Respondent.*

Multnomah County Circuit Court
090160733; A159622

379 P3d 841

Clayton C. Patrick filed the briefs for appellant.

Connor Donaldson filed the brief for respondent *pro se.*

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

## PER CURIAM

Husband appeals an order denying his motion to modify a prior award of spousal support. Husband and wife were married in 1991. The parties stipulated to a dissolution judgment in January 2010. The judgment provided, among other things, that husband would pay wife $750 a month in spousal support until April 2012 and $500 a month in spousal support over the following 42 months. The judgment further provided that a "portion of [the] spousal support award shall not, at any time, be subject to modification by either party, in either amount or duration. The nonmodifiable portion is as follows: $500 per month, for a period of 48 months."

Husband moved in February 2015 to modify spousal support, *viz.*, 61 months after the entry of the dissolution judgment, contending that his spousal support obligation should be reduced to reflect changes in both parties' income. Wife opposed the motion, arguing that the dissolution judgment prohibited any change in spousal support and, consequently, that the trial court should not allow husband to present evidence in support of his motion. Husband contended that the judgment prohibited modification of spousal support only for the 48 months following the entry of the dissolution judgment. The trial court agreed with wife and entered an order denying husband's motion. Husband appeals the order, reprising on appeal the argument that he made to the trial court. Wife concedes on appeal that the trial court erred in denying husband's motion on the ground that it did and that husband should have had the opportunity to present evidence in support of his motion to modify spousal support. We accept wife's concession, vacate the trial court's order, and remand.

Vacated and remanded.